**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

**Date: October 17, 2008**

Courtroom Deputy: Ginny Kramer
Court Reporter:   Suzanne Claar
Interpreter: Adriana Weisz
Probation Officer: Douglas Randolph

---

**Criminal Case No.  08-cr-00118-REB**

UNITED STATES OF AMERICA,                                              Linda Kaufman

v.

JOSE HERNANDEZ,                                                        Robert Pepin

        Defendant.

---

**SENTENCING MINUTES**

---

**2:20 p.m.      Court in session.**

The Defendant is present in Court (in custody).

Court's opening remarks.

The parties stipulate to the qualifications of the interpreter.

The Interpreter sworn.

Pursuant to 18 U.S.C. § 3352 and F.R.Cr.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the defendant informs the Court that he has read and discussed the presentence report with the defendant.

Defendant's counsel made a statement on behalf of the defendant, offered information

in mitigation of his punishment and commented on the probation officer's determinations and other matters affecting sentence.

The Defendant is sworn.

Statement to the court by the defendant.

Statement to the court by the government.

The Court has considered all relevant matters of fact and law, including the following:

1. The nature and circumstances of the offense for which the defendant is being sentenced.
2. The history and characteristics of the offender.
3. The authorized sentences under 18 U.S.C. § 3551.
4. The presentence report and addendum.
5. The advisory sentence guidelines.
6. The factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3553(a)(2).
7. The position of the government, the defendant, and the probation department.

The Court enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**It was ordered as follows:**

1. That the plea agreement of the parties as stipulated in Court's Exhibits 1, 1A, 2, and 2A is formally approved.

2. That the Defendant's Motion to Reduce Sentence */Deviating From Guideline Range and Response to Presentence Investigation Report* [#24] filed October 1, 2008, is **granted in part and denied in part**, as stated on the record. That the Government's oral Motion to Dismiss Count 2 of the Indictment is **granted**; provided furthermore that Count 2 of the Indictment is **dismissed with prejudice.**

3. That judgment of conviction under Fed.R.Crim.P 32(k) is entered on Count One of the Indictment.

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **six (6) months**.

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years**; provided furthermore, that within 72 hours of his release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the probation department within the district to which he is released.

6. That while on supervised release, the defendant shall comply with all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. §3583(d) and USSG §5D1.3(a).

7. That while on supervised release, the defendant shall comply with all standard conditions of supervised release in effect throughout this district as imposed by the court.

8. That while on supervised release, the defendant shall comply with the following explicit or special conditions of supervised release:

    • that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where he may be during the term of his supervised release;

    • that the defendant shall not possess or use illegally any controlled substances;

    • that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    • that the defendant shall cooperate in the collection of a sample of his DNA;

    • that defendant shall submit to one drug test within fifteen days from his release from prison, as directed by the probation department, and thereafter, to a least two periodic tests for the use of controlled substances as directed and determined by the court;

    • that the defendant shall not incur new credit charges or open additional lines of credit without the advance approval of his probation officer unless the defendant is in compliance with the periodic payment orders imposed in these sentencing orders;

    • that the defendant shall pay all costs, assessments, and restitution as ordered by the court;

    • that the defendant shall be subject to home detention for a term of six months to commence as soon as practicable following his

release from incarceration as arranged and directed by his probation officer; provided furthermore that the defendant is required to be in his place of residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs, and such other times as may be specifically authorized by his probation officer or the court;

- that this term of home detention shall be secured by electronic monitoring; provided furthermore, that the defendant shall make all necessary arrangements to facilitate and implement home detention and electronic monitoring, including but not limited to providing a telephone suitable for facilitating electronic monitoring, that is without modems, answering machines, or similar programs.

9. That no fine is imposed.

10. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00.

11. That the defendant shall pay restitution for the benefit of the Social Security Administration payable in care of the Clerk of the Court in full, in the amount of $109,467.00, paid by the defendant in installments of not less than $250.00 per month during the term of supervised release; provided furthermore, that interest on restitution is waived, and that the Clerk of the Court shall disburse restitution payments to the victim when the balance in the court registry totals at $1,000.00.

12. That the mandatory drug-testing provisions of 18 U.S.C. § 3583(d) are imposed.

13. That presentence confinement shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585.

14. That the Defendant shall voluntarily surrender and report without further notice or hearing to the institution designated by the Bureau of Prisons within fifteen (15) days of the date of designation.

The Defendant waives formal advisement of appeal.

**3:15 p.m.** **Court in recess.**

*Total in court time: 00:55 minutes - Hearing concluded*